IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RICHARD C. ELINE,                )<br>                                                  )<br>                       Plaintiff,   )<br>           vs.                              )<br>                                                  )<br>SHARI KIMOTO, et al.,          )<br>                                                  )<br>                       Defendants.  )<br>_____ ) | CIV. NO. 05-00800 JMS-KSC<br><br>ORDER DISMISSING ACTION |

ORDER DISMISSING ACTION

On December 27, 2005, *pro se* Plaintiff Richard C. Eline, a Hawaii inmate confined in Tallahatchie County Correctional Facility ("TCCF"), located in Tutwiler, Mississippi, filed a civil rights complaint in this court. Eline has not paid for the costs of this suit and is presumably attempting to proceed in forma pauperis ("IFP"). The court DISMISSES the action without prejudice pursuant to 28 U.S.C. § 1915(g).

Eline alleges that Defendant Shari Kimoto, the Hawaii Department of Public Safety's Mainland contract administrator, has told Defendant Lee Reddix, a TCCF employee, to confiscate and destroy Eline's television, deny his prison grievances, falsify documents regarding the television's alleged theft, and deny his tort claims, all of which resulted in the denial of due process. Eline states that these events allegedly occurred between June 6, 2004, and September 23, 2004.

Eline also vaguely alleges that Defendants are having an illicit relationship, which poses a "conflict of interest." (Complaint at 2.) Eline argues that he is not required to administratively exhaust the issues raised in his Complaint, because he is housed at TCCF, which is a privately run institution. Eline seeks damages and court costs.

The Prison Litigation Reform Act of 1995 ("PLRA"), provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The PLRA requires that the court consider prisoner actions dismissed prior to, as well as after, its enactment. Tierney v. Kupers, 128 F.3d 1310, 1312 (9th Cir. 1997). The plain language of the statute requires the court to also consider all prior dismissed cases, regardless of where the case was dismissed, so long as the case was dismissed by "a court of the United States." 28 U.S.C. § 1915(g).

First, taking judicial notice of its own files and records, the court finds that Eline has had three or more prior prisoner actions dismissed as frivolous

2

or for failure to state a claim.  See e.g., Eline v. Patterson Broadcasting, Civ. No. 97-00815 DAE (dismissed August 1, 1997); Eline v. China Normalization Initiative, Civ. No. 97-00893 ACK (dismissed August 1, 1997); Eline v. Kaneshiro, Civ. No. 97-00937 ACK (dismissed September 29, 1997).[1]  Eline does not allege or show that he is in imminent danger of serious physical injury.  Nor does it appear that Eline could make such a claim, based on the allegations in this Complaint.  Accordingly, Eline may not proceed IFP, and, pursuant to 28 U.S.C. § 1915(g), this action is DISMISSED without prejudice.

       Second, the court finds that Eline's allegations occurred, or are occurring, at TCCF, in Tutwiler, Mississippi.  When jurisdiction is not founded solely on diversity, such as in an action brought under 42 U.S.C. § 1983, venue is proper in the district in which: (1) any defendant resides, if all of the defendants

---

[1] Additionally, Eline has filed numerous other civil actions since 1993, all of which were dismissed for various reasons including failure to state a claim.  See e.g., Eline v. Bishop Estate, Civ. No. 93-00317 HMF; Eline v. Iran, Civ. No. 93-00357 ACK; Eline v. Moon, Civ. No. 93-00373 HMF; Eline v. Sumner, Civ. No. 93-00471 HMF; Eline v. KDEO FM Radio, Civ. No. 93-00479 DAE; Eline v. Vanity Fair, Civ. No. 93-00560 DAE; Eline v. Shimizu, Civ. NO. 93-00770 HMF; Eline v. MTV Inc., Misc. No. 93-0018 DAE; Eline v. KPOI FM, Civ. No. 94-00656 HG; Eline v. Fox Television, Civ. No. 94-00680 ACK; Eline v. Perry, Civ. No 94-00814 ACK; Eline v. Santiago-Lopez, Civ. No. 95-00135 DAE; Eline v. Hall, Civ. No. 95-00408DAE; Eline v. Santiago-Lopez, Civ. No. 96-00001 DAE; Eline v. Frank, Civ. No. 96-00162 ACK; Eline v. Wagatsuma, Civ. No. 96-01048 ACK; Eline v. Wagatsuma, Civ. No. 97-00146 ACK; Eline v. Abbott, Civ. No. 98-00029 DAE; and Eline v. Penarosa, Civ. No. 98-00277HG.

reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b); see also Ziegler v. Indian River County, 64 F.3d 470 (9th Cir. 1995) (extensive discussion on jurisdiction); Flanagan v. Shively, 783 F. Supp. 922, 935-37 (M.D. Pa. 1992). Venue may be raised by the court *sua sponte* when the defendant has not yet filed a responsive pleading and the time for doing so has not run. Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986).

Venue for this action does not lie in the District of Hawaii. This action is more properly brought in the United States District Court for the Northern District of Mississippi, where the events complained of took place and where the individuals who may be responsible or who are able to remedy the allegations reside.

When an action is filed in the wrong district, the district court may dismiss the action, or, for the convenience of parties and witnesses, as well as in the interests of justice, the district court may use its discretion to transfer a civil action to any other district where it might have been properly brought. 28 U.S.C. § 1404(a). Having found that Eline is not entitled to proceed *in forma pauperis*, the interests of justice do not militate in favor of transferring this action to the

United States District Court for the Northern District of Mississippi.  Eline is no stranger to the federal courts and is well able to refile the action there, if he chooses.  He will, however, be required to pay the $250 statutory filing fee for instituting that action.

        IT IS SO ORDERED.

        DATED: Honolulu, Hawaii, January  6 , 2006.



_/s/ J. Michael Seabright_
J. Michael Seabright
United States District Judge

Eline v. Kimoto, et al.; CIV. NO. 05-800 JMS-KSC; Order Dismissing Action